IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. _____

TRUE MOREHEAD COMPANY

        Plaintiff,

v.

OWNERS INSURANCE COMPANY,

        Defendant.

## NOTICE OF REMOVAL

TO: THE HONORABLE JUDGES OF THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF COLORADO

PLEASE TAKE NOTICE that pursuant to 28 U.S.C. §§ 1441 and 1446, Defendant Owners Insurance Company ("Owners") hereby removes this action from the Denver County District Court, Colorado (state court case number 2019CV32924), to the United States District Court for the District of Colorado on the ground that there is diversity jurisdiction under 28 U.S.C. § 1332(a). In support of removal, Owners states as follows:

### BACKGROUND

1. On July 31, 2019, Plaintiff True Morehead Company ("Plaintiff") filed its Complaint and Jury Demand ("Complaint") against Owners Insurance Company in the Denver County District Court, Colorado ("State Court Action").

2. On August 20, 2019, Plaintiff effected service of the Complaint on Owners. (Waiver of Service, attached hereto as **Exhibit A**.)

3. The Complaint's allegations pertain to the handling of Plaintiff's claim for insurance benefits under Owners Policy Number 144632-74059240-16 ("Policy") related to alleged damage to property located at 8721 Wadsworth Blvd, Arvada, Colorado 80003, 8723 Wadsworth Blvd, Arvada, Colorado 80003, and 8725 Wadsworth Blvd, Arvada, Colorado 80003 ("Property"). (Compl. ¶¶ 4, 10-11.)

4. Plaintiff submitted a claim for benefits under the Policy arising out of alleged damage sustained to the Property during a hail storm on May 8, 2017. (Compl. ¶¶ 12-13.)

5. The Complaint alleges that Owners failed to pay all covered benefits owed under the Policy for the alleged damage to the Property. (*Id.* ¶ 59.)

6. The Complaint alleges that Owners' conduct constitutes a breach of contract and an unreasonable denial of the claim under C.R.S. §10-3-1115. (*Id.* ¶¶ 55-65.) Plaintiff seeks relief under C.R.S. §10-3-1116 of "two-times the amount of all covered benefits unreasonably delayed." (*Id.* ¶ WHEREFORE Clause.)

7. In addition to twice the covered benefit, Plaintiff seeks: a) "all covered benefits owing under the Policy;" b) compensatory damages; c) costs; d) attorneys' fees; and e) pre- and post-judgment interest expense. (*Id.* ¶ WHEREFORE Clause.)

8. Owners contends that it did not breach the insurance contract, did not act in bad faith, and did not violate C.R.S. §§ 10-3-1115 and 10-3-1116, and that Plaintiff is not entitled to any recovery from Owners.

## GROUNDS FOR REMOVAL

### I. REMOVAL IS TIMELY

1. This Notice of Removal is filed within thirty (30) days after service of the Complaint on Owners, which occurred on August 20, 2019. (Waiver of Service, Ex. A.)

2. Removal of this action is therefore timely under 28 U.S.C. § 1446(b)(1). *See Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 354 (1999) (stating that "defendant's period for removal will be no less than 30 days from service").

### II. DIVERSITY OF CITIZENSHIP EXISTS

3. There is complete diversity of citizenship among the opposing parties.

4. A notice of removal need only plausibly allege facts establishing diversity jurisdiction. *Dart Cherokee Basin Operating Co., LLC v. Owens*, 135 S. Ct. 547, 554 (2014). Extrinsic proof of facts establishing diversity jurisdiction may be required only when the plaintiff challenges or the court questions such. *See id.*

5. Plaintiff is a Colorado company with its principal place of business in Colorado. (Compl. ¶ 1.)

6. Owners is an insurance company organized under the laws of the State of Ohio with its principal place of business in the State of Michigan. (Colorado Division of Insurance Company Consumer Inquiry, attached hereto as **Exhibit B**.)

7. Because the parties are citizens of different states and Owners is not a citizen of the State of Colorado, complete diversity exists and removal is proper. *See* 28 U.S.C. §§ 1332(a)(1), 1332(c)(1), and 1441(b)(2); *see also Tuck v. United Servs. Auto. Ass'n*, 859 F.2d

842, 847 & n.6 (10th Cir. 1988) (direct action proviso in § 1332 does not affect suits brought by insured against own insurer).

### III. THE AMOUNT IN CONTROVERSY EXCEEDS $75,000, EXCLUSIVE OF INTEREST AND COSTS

8. The amount in controversy in this action exceeds $75,000, exclusive of interest and costs, as is required to maintain diversity jurisdiction. *See Dart Cherokee*, 135 S. Ct. at 554 ("[A]s specified in § 1446(a), a defendant's notice of removal need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold.").

9. Plaintiff alleges that Owners has failed to pay covered policy benefits and unreasonably denied payment of insurance benefits. (Compl. ¶¶ 56-59.)

10. Plaintiff's Sworn Statement in Proof of Loss alleges that the replacement cost value of the damage to the Property is $571,646.60 (Sworn Statement in Proof of Loss, attached as **Exhibit C**.)

11. Should Plaintiff succeed in its claim under C.R.S. §§ 10-3-1115 and 1116, it seeks two times the covered benefit, attorneys' fees, and costs. (*Id.* ¶ 158.) *See American Family Mut. Ins. Co. v. Barriga,* 418 P.3d 1181 (Colo. 2018) (discussing the calculation of damages under § 10-3-1116). Applying the statute's multiplier to the amount of damages alleged in Plaintiff's proof of loss, Plaintiff is therefore seeking over **$1 million** under its statutory bad faith claim.

12. Plaintiff seeks an award of attorneys' fees under C.R.S. § 10-3-1116. (*See* Compl. ¶ WHEREFORE Clause.) "[W]hen a statute permits recovery of attorney's fees a reasonable estimate may be used in calculating the necessary jurisdictional amount in a removal proceeding based upon diversity of citizenship." *Miera v. Dairyland Ins. Co.*, 143 F.3d 1337,

1340 (10th Cir. 1998). Although the fees cannot be calculated with certainty at this juncture, it is unquestionable that substantial attorney fees will be incurred in this matter.

13. Further, Plaintiff's civil cover sheet filed in state court confirms that the amount in controversy exceeds $75,000, exclusive of interest and costs. (*See* Civil Cover Sheet, submitted herewith.) Plaintiff's representation on its civil cover sheet establishes for the purposes of federal diversity jurisdiction that Plaintiff seeks in excess of $100,000 in disputed damages, exclusive of interest and costs. *See Paros Props. LLC v. Colo. Cas. Ins. Co.*, 835 F.3d 1264, 1272–73 (10th Cir. 2016) (noting that state court civil cover sheet unambiguously indicated the amount in controversy was more than $100,000 and that there was "no reason not to credit an assertion by an officer of the court on a matter of significant consequence in the state proceeding").

14. In light of the foregoing, the amount in controversy exceeds $75,000, exclusive of interest and costs.

**VENUE**

15. Venue is proper in the District of Colorado pursuant to 28 U.S.C. §§ 1391(b)(2) and 1446(a).

**PROCESS, PLEADINGS, AND ORDERS SERVED**

16. As required by 28 U.S.C. § 1446(a), Civil Local Rule 81.1, and this Court's Electronic Case Filing Procedures, Version 6.1, Section IV, 4.4(b), copies of service of process, pleadings, and orders filed in the State Court Action are being provided along with this Notice of Removal.

## NOTICE OF REMOVAL

17. Pursuant to 28 U.S.C. § 1446, the filing of a copy of this Notice with the Clerk of the State Court effects the removal of the State Court Action. A copy of the Notice of Filing of Notice of Removal filed contemporaneously in the State Court Action is attached hereto as **Exhibit D**.

## NO WAIVER

18. No waiver, and no admission of fact, law, or liability, including, without limitation, the amount of damages, if any, is intended by this Notice of Removal, and all defenses, affirmative defenses, and rights are hereby reserved.

## CONCLUSION

19. For the reasons set forth above, Owners removes this action to the United States District Court for the District of Colorado.

20. Further, to the extent the Court has any questions regarding the issue of diversity of citizenship between the parties, Owners reserves the right to conduct limited discovery on the issue of diversity jurisdiction, as allowed by *McPhail v. Deere & Co.*, 529 F.3d 947, 954 (10th Cir. 2008).

Dated:  September 19, 2019						Respectfully submitted,


							*s/ Elayna M. Fiene*
							Terence M. Ridley
							Elayna M. Fiene
							Wheeler Trigg O'Donnell LLP
							370 Seventeenth Street, Suite 4500
							Denver, CO  80202-5647
							Telephone:  303.244.1800
							Facsimile:  303.244.1879
							Email:   ridley@wtotrial.com
							             fiene@wtotrial.com


							Attorneys for Defendant,
							Owners Insurance Company

**CERTIFICATE OF SERVICE (CM/ECF)**

I HEREBY CERTIFY that on September 19, 2019, I electronically filed the foregoing **NOTICE OF REMOVAL** with the Clerk of Court using the CM/ECF system and that a copy of the foregoing was emailed to the following email addresses:

Bradley A. Kloewer
David J. Furtado
Furtado Law PC
3773 Cherry Creek North Drive, Suite 755
Denver, CO  80209
Telephone:   303.755.2929
Email:   brad@furtadolaw.com
            dfurtado@furtadolaw.com


*s/ Martha G. Caudillo*
Martha G. Caudillo